IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA LOPEZ,

    Plaintiff,

vs.                                                                                                No. CIV 98-1141 JC/WWD

CARL BOSTICK and MEADOW VALLEY
CONTRACTORS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Laura Lopez's Motion for Remand to the Seventh Judicial District Court, County of Socorro, State of New Mexico, Cause No. CV 98-87, filed November 16, 1998 *(Doc. 3)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's motion is not well taken and will be denied.

This case was originally filed in the Seventh Judicial District Court, Cause No. CV 98-87 (County of Socorro, New Mexico) on July 16, 1998. Three days prior to the filing of the case, Plaintiff sent Defendant Meadow Valley's attorney, D. Kim Lough, an unfiled "courtesy copy" of the complaint. *See* Meadow Valley's Resp. at 2; Plaintiff's Mem. in Support at 2.

On July 27, 1998, Mr. Lough sent a letter to Plaintiff's counsel indicating that he was authorized to accept service of process on behalf of Meadow Valley. *See* Meadow Valley's Resp. at 4. Plaintiff's counsel, Kenneth R. Wagner, wrote Mr. Lough the next day regarding a settlement offer. Mr. Wagner included with the letter an Acceptance of Service for Mr. Lough's

signature. Mr. Lough executed and returned the copy of the Acceptance of Service to Plaintiff on August 27, 1998. Meadow Valley removed the case to this Court on September 17, 1998.

Plaintiff now moves to remand the case back to the Seventh Judicial District arguing that Meadow Valley's removal was untimely. Meadow Valley counters that the thirty-day time line established under the removal statute, 28 U.S.C. § 1446(b), did not start running until Mr. Lough executed the Acceptance of Service on August 27, 1998.

In this case, Meadow Valley never received a summons or filed copy of the complaint. The July 13, 1998 pre-filing "courtesy copy" was the only complaint Meadow Valley ever received. Although I follow the "receipt rule" for the thirty-day trigger under § 1446, *see Curley v. Jenkins*, No. CIV 98-0289 JC/RLP (D.N.M. May 8, 1998), I believe the triggering complaint should have at least been from a filed case. *See Kurihara v. CH2M Hill, Inc.*, 6 F. Supp. 2d 533, 535-36 (E.D. Va. 1998); *Leverton v. Alliedsignal, Inc.,* 991 F. Supp. 481, 484-86 (E.D. Va. 1997); *Kerr v. Holland America-Line Westours, Inc.*, 794 F. Supp. 207, 213 n.5 (E.D. Mich. 1992); *Arnold v. Federal Land Bank of Jackson*, 747 F. Supp. 342, 343-44 (M.D. La. 1990). Therefore, I will deny Plaintiff's motion to remand.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand, filed November 16, 1998 *(Doc. 3)* is **denied**.

DATED this 4th day of December, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Kenneth R. Wagner<br>Kenneth R. Wagner & Associates, P.A.<br>Albuquerque, New Mexico |
| Counsel for Defendants: | D. Kim Lough<br>Jennings, Haug & Cunningham<br>Phoenix, Arizona |
| | Wayne E. Bingham<br>Crider, Bingham & Hurst, P.C.<br>Albuquerque, New Mexico |